UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROMAN GODINES and other similarly situated
individuals,
                  Plaintiff,

-vs-                                                    Case No.  2:08-cv-203-FtM-34SPC

CURTIS BINKLEY, INC. a corporation; CURTIS
BINKLEY an individual,
                  Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

       This matter comes before the Court on the Joint Motion to Approve Settlement Agreement and General Release and to Dismiss Case With Prejudice (Doc. #21) filed on August 6, 2008.

       This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  In the Joint Motion for Approval submitted by the Parties, (Doc. # 21), the Parties provide that the Defendants will pay 100% of the Plaintiff's agreed upon settlement sum plus attorney's fees.

       The Plaintiff's originally claimed that his estimated overtime wages were $6,750.00 plus liquidated damages for a total of $13,500.00.   A compromise of the original claim was reached

between the parties and the Plaintiff agreed to accept $10,000.00 as a settlement inclusive of attorney's fees and costs.

Counsel has submitted an Affidavit which reflects a contingency fee agreement between the Plaintiff and Counsel. See Doc. #22, p.2. Pursuant to said agreement, Counsel will be paid 40% of all amounts recovered, plus any costs. (Doc. #22, Affidavit, p.2, pp.4). Under the Florida Bar Rules of Professional Conduct, a contingency fee of forty percent (40%) is reasonable if an answer has been filed or if one of the parties has demanded appointment of an arbitrator. Fla. Bar R. 4-1.5(4)(B)(i)(b)(1). In further justification, Counsel represents that in the handling of this case, he has expended 18.30 hours of time in performing matters associated with this case. Based upon the settlement amount, the Plaintiff will receive $6,000.00 in unpaid wages and Counsel is entitled to $4,000.00 in fees. Counsel further states that the costs incurred in this matter are $430.00, which includes the filing fee and service of process fees. According to the Affidavit, Counsel has agreed to waive these costs. (Doc. #22, p.2, pp. 6).

Because the Plaintiff, Roman Godines, has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA. Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Motion to Approve Settlement Agreement and General Release and to Dismiss Case With Prejudice (Doc. #21) should be **GRANTED**.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

**Respectfully recommended** at Fort Myers, Florida, this ___12th___ day of August, 2008.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record